IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KIRK NELSON                                                                                           PLAINTIFF

v.                                           5:07CV00238 JLH/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

#### I. Introduction

Plaintiff, Kirk Nelson, has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Supplemental Security Income ("SSI"). Both parties have submitted Appeal Briefs (docket entries #7 and #9), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial

evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

In Plaintiff's Disability Report (Tr. 66-83), he alleged that he is limited in his ability to work by "diabetes, hearing, speech, learning disorder [and] high blood pressure." (Tr. 67.) On October 16, 2006, the Administrative Law Judge ("ALJ") conducted an administrative hearing during which Plaintiff and a vocational expert testified. (Tr. 162-192.) On December 22, 2006, the ALJ entered his decision (Tr. 15-20) holding that Plaintiff had not been under a disability, within the meaning of the Social Security Act, at any time through the date of his decision. (Tr. 19-20.)

On July 19, 2007, after receiving and considering additional evidence, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision; thereby making it the final decision of the Commissioner. (Tr. 4-6.) Plaintiff then filed his Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 50 years old at the time of the administrative hearing. He testified that he began but did not complete the tenth grade. (Tr. 165.) His past relevant work included jobs as a city park worker and laborer. (Tr. 15, 73, 76-80, 94, 117.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. Step 1 involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i) (2006). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at § 416.920(b).

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a"severe" impairment. *Id.* at § 416.920(a)(4)(ii). If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 416.920(a)(4)(iii).[2] If so, and the duration requirement is met, benefits are awarded. *Id.*

Step 4 involves a determination of whether the claimant has sufficient RFC, despite the impairment(s), to perform the physical and mental demands of past relevant work. *Id.*, § 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

In his decision, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since his alleged onset date (Tr. 15); (2) had "severe" impairments (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (*id.*); (4) was not fully credible (Tr. 16); (5) retained the RFC for light work[3] (*id.*); (6) was unable to perform his past relevant work (Tr. 18); and (7) could perform other jobs which existed in significant numbers in the economy. *Id.* Thus, the ALJ concluded that Plaintiff was not disabled. *Id.*

---

[2]If the claimant's impairments do not meet or equal a Listing, the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence. *Id.*, § 404.1520(e). This RFC is then used by the ALJ in his analysis at Steps 4 or 5. *Id.*

[3]In reaching this decision, the ALJ utilized the testimony of a vocational expert. *Id.* He also correctly noted that, once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his RFC, age, education, and past work. *Id.*

In Plaintiff's Appeal Brief, he argues that: (1) the vocational expert's testimony that he could perform light jobs, as a production worker/assembler, was not consistent with the DICTIONARY OF OCCUPATIONAL TABLES; (2) the Appeals Council should have reversed or remanded based on new and material evidence submitted to it after the ALJ's decision; (3) the ALJ erred, as a matter of law, in failing to give controlling weight to the assessment of Plaintiff's RFC by his treating physician; and (4) the case should be remanded, pursuant to "sentence six" of 42 U.S.C. § 405(g), based upon new material evidence. The Court will begin by analyzing Plaintiff's second, third, and fourth arguments, all of which are related and center on certain allegedly "new evidence" developed *after* the administrative hearing. The Court will then address Plaintiff's first argument challenging a portion of the testimony by the vocational expert.

## II. Analysis

**A.      Sentence Six Remand**

On January 10, 2007, approximately three weeks after the ALJ's decision, Plaintiff was seen by Christina Reyes, M.D. (Tr. 158.) He had no acute complaints but advised Dr. Reyes that he had run out of some of his prescription medicines. *Id.* He was to return the next morning for fasting laboratory tests. *Id.* On January 19, 2007, he again saw Dr. Reyes and received refills of his prescriptions. (Tr. 157.)

After seeing Plaintiff on February 8, 2007 (Tr. 156), Dr. Reyes completed a "Diabetes Mellitus Residual Functional Capacity Questionnaire."[4] (Tr. 151-153.) According to her notation on this form, Dr. Reyes found that Plaintiff had very significant restrictions, including the ability to sit for no more than 20 minutes before needing to get up and to stand for no more than five minutes at a time. (Tr. 153.) In his Appeal Brief, Plaintiff asserts that, on June 25, 2007, this form and some

---

[4]On January 5, 2004, Plaintiff was seen by a consulting physician, Dr. Sheldon Hersh. Plaintiff told Dr. Hersh that, two months earlier, he was diagnosed with Type 2 diabetes. Dr. Hersh summarized Plaintiff's diabetes as follows: "The patient is a relatively newly diagnosed non insulin-dependent diabetic. He is out of medication because of financial problems. There is no evidence of end-organ damage related to this problem on examination today. This problem is stable." (Tr. 119.)

progress notes were faxed to the Appeals Council. However, due to an unspecified problem, "only the first three pages of the six-page questionnaire were actually received" by the Appeals Council.[5] (*Pltf.'s App. Br.* at 5, 15.)

Based on these facts, Plaintiff argues that the Appeals Council should have remanded the case, pursuant to 42 U.S.C. § 405(g) (1995), so that the ALJ could consider this new evidence.[6] Because much of the evidence in the Diabetes Mellitus RFC Questionnaire (Tr. 151-158) is already part of the record, the Court assumes that Plaintiff must be relying on the three pages of that document which were not successfully transmitted to the Appeals Council as "new evidence" sufficient to support a sentence six remand. For new evidence to be material, it must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied. There also must be some reasonable likelihood that it would have changed the Commissioner's determination. *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997); *Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993).

This alleged "new evidence" unquestionably was generated *after* the administrative hearing. The Eighth Circuit has held that evidence which did not exist at the time of an administrative hearing

---

[5]In a letter dated June 23, 2007, Plaintiff's attorney wrote the Appeals Council a letter (Tr. 145-150) in which he states that he is attaching as "Exhibit A" a Diabetes Mellitus RFC Questionnaire completed on February 8, 2007, by Christina Reyes, M.D. (Tr. 146.) The record contains only the first three pages of this questionnaire. (Tr. 151-153.) Because the last three pages are missing, Plaintiff suggests they were not received, without addressing the possibility that his attorney inadvertently failed to transmit them.

The header of Plaintiff's fax to the Appeals Council indicates that Plaintiff's counsel's law firm faxed 15 total pages to the Appeals Council. (Tr. 145-158.) Excluding the first page, presumably the fax cover page, 14 of the 15 pages are contained in the administrative record. (Tr. 145-158.) This strongly suggests that Plaintiff's counsel failed to fax the missing three pages to the Appeals Council.

[6]In pertinent part, § 405(g) provides the following:
> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; . . . .

may supply "good cause" for failing to introduce that evidence. *Geigle v. Sullivan*, 961 F.2d 1395, 1397 (8th Cir. 1992); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991); *but see Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir. 1993) (no cause when plaintiff had opportunity to consult additional psychiatrists before administrative record closed, but did not). In *Thomas,* the claimant suffered a heart attack after the administrative hearing and sought to use that new evidence to support a sentence six remand. In contrast, in *Smith*, the claimant had the opportunity to consult additional physicians, *before* the administrative record closed, but did not do so. In this case, just as in *Smith*, Plaintiff had the opportunity to consult additional physicians concerning the limitations associated with his diabetes, before the ALJ closed the administrative record. His decision not to avail himself of this opportunity prevents the Court from finding the requisite good cause necessary to excuse his failure to develop this evidence prior to the administrative hearing.

**B.      Commissioner Should Have Given Controlling Weight To RFC Assessment Of Plaintiff's Treating Physician or Should Have Remanded Based on that Evidence**

Plaintiff argues that the Commissioner should have given controlling weight to the opinion of his treating physician, Dr. Reyes, regarding his RFC. (*Pltf.'s App. Br.* at 13-14.) At the time Dr. Reyes completed the RFC questionnaire, she had treated Plaintiff for less than one month. This raises questions concerning whether her opinion was entitled to controlling weight. A treating physician's opinion is normally entitled to controlling weight, at least in part, because such a physician is more familiar with a claimant's medical condition than are other physicians. *Thomas v. Sullivan*, 928 F.2d 255, 259 n.3 (8th Cir. 1991); *see* 20 C.F.R. § 416.927(d)(2) (2006). An ALJ should give more weight to the opinion of doctors who have treated a claimant regularly, over a period of months or years, because they have a longitudinal picture of the impairment. *Strongsom v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004). In this case, the short interval of time Dr. Reyes had treated Plaintiff before completing the RFC questionnaire raises doubts about whether that document should be given controlling weight in determining Plaintiff's RFC.[7]

---

[7]Additionally, in reaching her opinion, Dr. Reyes relied, in part, on Plaintiff's statements about the extent of his limitations. For instance, she noted that Plaintiff had suffered from back pain for

On page one of the questionnaire, Dr. Reyes was requested to attach "*all relevant treatment notes, radiologist reports, laboratory and test results which have not been provided previously to the Social Security Administration*" (Tr. 151 (emphasis in original).) While Dr. Reyes attached three pages of progress notes, she failed to attach any "radiologist reports, laboratory and test results." A treating physician's opinions are not conclusive in determining a claimant's disability status, and must be supported by medically acceptable clinical or diagnostic data.[8] *Wilson v. Chater*, 76 F.2d 238, 241 (8th Cir. 1996); *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). In this case, Dr. Reyes's progress notes reflect that, on January 10, 2007 (Tr. 158), and April 17, 2007 (Tr. 155), she ordered a fasting lipid profile and hemoglobin A1C to assist in evaluating Plaintiff's blood glucose levels. However, it does not appear that Plaintiff's attorney transmitted these test results to the Appeals Council along with his June 23, 2007 letter. (Tr. 145-150.)

Finally, it appears that Plaintiff was not as restricted as Dr. Reyes believed. In an undated Disability Supplemental Interview Outline, Plaintiff indicated that he cooked, cleaned the bathroom, mowed the lawn, shopped for food and clothing, read books and newspapers, watched television, visited friends and relatives and drove, including unfamiliar routes. (Tr. 84-88.) During the administrative hearing, he testified that he mowed and undertook minor household repairs. (Tr. 183.) *See Besler v. Sullivan*, 963 F.2d 176, 178 (8th Cir. 1992) (doctor's report discounted because it was inconsistent with claimant's testimony). These facts appear to be at odds with Dr. Reyes's finding that Plaintiff could only sit for twenty minutes and could stand for no more than five minutes at one time.[9]

---

three years and neck pain for one and one-half months. (Tr. 151.)

[8] Such RFC checklists, while admissible, are entitled to little weight in the evaluation of disability. *E.g., Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997); *O'Leary v. Schweiker*, 720 F.2d 1334, 1341 (8th Cir. 1983); *see Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001) (checklist format, generality, and incompleteness of assessments limited their evidentiary value); *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) (discounting treating physician's two pages of checked boxes devoid of illuminating examples, descriptions or conclusions).

[9] Nothing in Dr. Reyes's progress notes directly supports any of these findings. (Tr. 154-158.) Because Plaintiff's attorney did not send the Appeals Council any of the test results or other medical

Thus, the Court concludes that the record does not support Plaintiff's argument the Appeals Council erred in failing to give Dr. Reyes' opinion controlling weight. For the same reasons, the Court also concludes that this evidence did not warrant reversal of the ALJ's decision.

**C.     Vocational Expert's Testimony**

Finally, Plaintiff contends that the vocational expert's testimony that Plaintiff could perform light work as a production worker/ assembler is not consistent with the DICTIONARY OF OCCUPATIONAL TITLES. (*Pltf.'s App. Br.* at 9-11.) Plaintiff's real disagreement is not with the vocational expert's testimony, but with the ALJ's determination of his RFC. *Id.* On January 5, 2004, Plaintiff underwent a general physical examination performed by Dr. Sheldon Hersh. (Tr. 117-120.) At that time, Plaintiff was taking no medication because of financial problems. (Tr. 117, 118.) He denied any eye or foot problems associated with his non insulin-dependent diabetes, which was diagnosed two months earlier. (Tr. 117.) He had undergone surgery on his left thumb, but had no problems because of it; he was able to do all of his activities of daily living. (Tr. 118.) He did his own cooking, cleaning, and shopping. *Id.* His blood pressure was 120/80; visual acuity was 20/30 on the right, 20/40 on the left with correction. *Id.* He had full range of motion in all extremities and no atrophy. (Tr. 118-119.) No joints were hot, tender, or swollen. *Id.* He got on and off the examining table without assistance or complaints of pain. *Id.* There was no edema in his lower extremities and no sores, scars, or ulcers on his feet. (Tr. 119.) He was neurologically intact. *Id.* The doctor concluded that his diabetes was stable. *Id.* He had good blood pressure control. *Id.* Grip strength and pinch strength were normal. *Id.*

After this physical examination, there is no evidence that Plaintiff sought medical treatment until October of 2005. On that date, he had no complaints and merely wanted a prescription refilled and his blood sugar level tested. (Tr. 122.) He had no symptoms other than polyuria. (Tr. 136.)

Based on this record, the Court concludes that substantial evidence supports the ALJ's RFC

---

evidence that Dr. Reyes may have relied on to support these findings, the Court is left to speculate on how Dr. Reyes concluded that Plaintiff could only sit for twenty minutes before needing to get up or stand for only five minutes at one time. (Tr. 157.)

determination. Plaintiff's argument seeks to place the burden of proof on the Commissioner. It is the claimant's burden to prove his RFC. *Goff v. Barnhart*, 421 F.3d 785,790 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Masterson v. Barnhart*, 383 F.3d 731, 737 (8th Cir. 2004); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

### III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, the medical and other evidence. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also, Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed, with prejudice.

DATED this 14th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE